UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Zachary Smith, | ) | C/A No. 9:10-2513-HFF-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Governor Mark Sanford; | ) | |
| Institutional Director Jon Ozmint; | ) | |
| Warden McCall, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Perry Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even when considered under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the



pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

On September 27, 2010, Plaintiff's original complaint was received by the Court. ECF No. 1. Plaintiff's complaint alleged that policy number "Adm. 11.39 title[d] Inmate Staff Sexual Misconduct with Inmate Issue Date of July 2004 is a[n] unrelated subject and is . . . a due process violation." ECF No. 1, page 1. Plaintiff stated that the language used in the policy/procedure violated his constitutional rights because it failed to " create any contractual right" and failed to "create employment." *Id.* at 2, 6. Plaintiff also complained that the policy reserved "the right to revise the content of this policy/procedure." *Id.*

As Plaintiff's original complaint was not signed and was difficult to understand, an Order was issued on October 6, 2010, which directed Plaintiff to submit his claims on a signed standard civil rights complaint form. ECF No. 6. Plaintiff's standard complaint form ("second complaint") was received on November 4, 2010, and docketed as an attachment to Plaintiff's original complaint. ECF No. 1-3. Plaintiff's second complaint also challenged the "Policy Adm. 11.39 title[d] Staff Sexual Misconduct with Inmate Issue Date 2004" based on the policy's language which: (1) did not create employment; (2) did not create any contractual right; and (3) reserved the right to revise the content of the policy. ECF No. 1-3, page 3. Plaintiff indicated that he became aware of the policy of April 1, 2009, and asked an "official" how the policy could be "lawfully justifiable." *Id.* at 4, 5. Plaintiff further alleged that, in addition to violating his due process rights, the sexual misconduct policy constitutes, "gross negligence and malpractice." *Id.* at 5. Plaintiff claimed that



the policy was "slowly breaking [him] down mentally" and was causing him to "suffer long term damage." *Id.*  Plaintiff sought monetary damages. *Id.*

On January 13, 2011, Plaintiff submitted an amended complaint.[1]  ECF No. 1-9.  As in the first two complaints, the amended pleading alleges that policy "Adm. 11.39 title[d] Inmate Staff Sexual Misconduct with Inmate . . . issue date of 2004 is a[n] unrelated subject and is a due process violation." ECF No. 1-9, page 4.  Plaintiff again bases his assertion on the policy language which fails to create any contractual right or right to employment, and which reserves the right to revise the policy content.  *Id.* at 5.  Plaintiff requested monetary damages for mental distress allegedly caused by the policy. *Id.* at 11.  Plaintiff also alleges claims of "gross negligence" and "malpractice" in the amended pleading. *Id.* at 11.

## Discussion

The instant pleadings are filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979).  A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[1] Plaintiff's amended complaint corrected the names of Defendants Sanford and Ozmint. Plaintiff also deleted the South Carolina Department of Corrections as a Defendant in the caption of the amended pleading.



Each of Plaintiff's complaints in this action allege that his due process rights have been violated pursuant to an unconstitutional prison policy related to "Staff Sexual Misconduct with Inmate," issued in July of 2004. It is noted that Plaintiff has filed another case in this Court asserting nearly identical claims about a different prison policy, and against the same Defendants named in this action. *See Smith v. Sanfore*, *et al.*, Civil Action (C/A) No. 9:10-2174-HFF-BM (D.S.C.); *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949). As in the instant action, C/A No. 10-2174 alleges that a prison policy violates Plaintiff's right to due process and constitutes gross negligence and malpractice. However, the policy at issue in C/A No. 10-2174 was issued in June of 2007 and is titled "Sick Call and Dental Health." In all other respects, the allegations in the present pleadings and in the pleadings submitted in C/A No. 10-2174 are strikingly similar.

However, despite having submitted three separate complaint forms in this action, Plaintiff has failed to plead any specific facts which demonstrate a violation of his constitutional rights by the sexual misconduct policy at issue, for which the Defendants are allegedly responsible. The pleadings simply contain no factual information to support Plaintiff's bare assertion that the sexual misconduct policy is unconstitutional. Plaintiff does not even indicate that such a policy has ever been implemented against him. Instead, Plaintiff claims that the policy is unconstitutional because it fails to create contractual rights or a right to employment. Frankly, Plaintiff's claims are little more than gibberish. In any event, as prisoners have no property or liberty interest in prison employment, *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986), any claim Plaintiff may be asserting in regard to the cited policy's failure to create employment is subject to dismissal. *See also*

4



*O'Bar v. Pinion*, 953 F.2d 74, 85-86 (4th Cir. 1991)(removing inmate from work release program did not violate his constitutional rights); *Johnson v. Knable*, No. 88-7729, 1988 WL 119136 at *1 (4th Cir. 1988); *Adams v. James*, 784 F.2d 1077 (11th Cir. 1986).

In *Ashcroft v. Iqbal*, ---U.S. ----,129 S.Ct. 1937, 1949 (2009), the United States Supreme Court stated that, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'" *Ashcroft,* 129 S.Ct. at 1949 (citations omitted). Although the Court must liberally construe *pro se* complaints, a plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) ("[C]omplaint failed to contain any factual allegations tending to support [prisoner's] bare assertion that he was deprived by prison policy of meaningful access to the courts."). Further, while a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must at a minimum allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Hence, as Plaintiff's general allegations are insufficient to state a cognizable claim under § 1983 for violation of Plaintiff's constitutional rights, the instant case is subject to summary dismissal . 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also claims that the sexual misconduct policy constitutes gross negligence and malpractice. However, as indicated above, claims under § 1983 must assert, and provide factual information to support, the violation of a right secured by the Constitution or laws of the United States. Thus, a § 1983 action may not be based only on a violation of state law or on a state tort.

5



*Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988); *see Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987); *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). As Plaintiff fails to demonstrate a violation of his constitutional rights under § 1983, the Court should decline to exercise jurisdiction over Plaintiff's state law negligence and malpractice claims. *See* 28 U.S.C. § 1367(c)(3).

## Recommendation

Accordingly, it is recommended that the Court dismiss the complaint ( ECF No. 1, with attached second complaint and amended complaint) in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 31, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

